Common Pleas Court could make an order for payment of costs which to it seemed just and equitable.

The plaintiff in error complains that the Probate Court erred in requiring the execution of a bond on appeal. §10501-59 GC provides in substance that when a party in a fiduciary capacity appeals in the interests of his trust and has previous'y given bond in this state for the faithful discharge of his duties, no further bond shall be required on appeal. The transcript does disclose that bond in the sum of $2000.00 had been given by the appellant to the approval of the Probate Court on February 7, 1935. Ordinarily, such a fiduciary would not be required to execute additional bond on appeal. However, it shou'd appear from the record that the fiduciary was prosecuting the appeal in the interest of his trust, that is, for the benefit of the trust. This question was disposed of in the case of Collins, Executor v Millen et, 57 Oh St 289, which was a case from Greene County. There is nothing in this record which discloses to the court the interest of the appellant. The court does not know whether she appealed for the benefit of the estate or for her own benefit. In the absence of such evidence in the record we cannot say that the Common Pleas Court erred in affirming the action of the Probate Court requiring bond on appeal. An examination of the entire record does not disclose that prejudicial error has intervened.

The judgment of the Common Pleas Court will be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.

John W. Bricker, Attorney General, Columbus, and Herbert W. Mitchell, St. Clairsville, for plaintiff in error.

Yager, Bebout & Stecher, Toledo, for defendant in error.

For full opinion see 52 Oh Ap 55.

## BROWNING v STATE

Ohio Appeals, 2nd Dist, Miami Co

No 349.   Decided Nov 30, 1935

## INDUSTRIAL COMMISSION v LATHROP

Ohio Appeals, 6th Dist, Fulton Co

Decided April 22, 1935

